WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Humberto Monge-Rodriguez,<br><br>        Petitioner,<br>v.<br><br>United States of America,<br><br>        Respondent.<br>_____ | CR 05-569-TUC-DCB<br>CV 05-620-TUC-DCB<br><br><br>**ORDER** |

      Pending before this Court is Petitioner Humberto Monge-Rodriguez's ("Petitioner") "Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, 28 U.S.C. § 2255" ("Motion"). For the reasons set forth below, Petitioner's Motion is denied.

## I.  BACKGROUND

      On March 23, 2005, Petitioner was indicted on one count of Illegal Re-Entry After Deportation, in violation of 8 U.S.C. § 1326, as enhanced by § 1326(b)(2), a Class C Felony offense. Petitioner pled guilty to the indictment on October May 2, 2005, pursuant to a plea agreement with the Government.

      In his plea agreement, Petitioner expressly waived his right to appeal and his right to collaterally attack his conviction and sentence. (document 17) Petitioner acknowledged that if he appealed or collaterally attacked his conviction or sentence, he could be found in breach of the plea agreement and the government could withdraw from the agreement. (*Id.*)

On July 12, 2005, Petitioner came before this Court for sentencing. At sentencing, pursuant to the recommendations contained in the Presentence Report, as well as sentencing range contained in the plea agreement, this Court sentenced Petitioner to 41 months imprisonment. (document 24)

Petitioner filed the present Motion on October 14, 2005.

## II. PROCEDURE

Pursuant to 28 U.S.C. § 2255, a collateral attack on a sentence should be presented to the court which imposed the allegedly improper sentence. 28 U.S.C. § 2255. According to Rule 4(a) of the Rules Governing Section 2255 Proceedings, the motion *shall* be directed to the judge who sentenced the petitioner. Rule 4(a), Rules Governing Section 2255 Proceedings. Therefore, as the Court which imposed Petitioner's sentence, it is appropriate for this Court to consider Petitioner's Motion.

Ordinarily, a court must conduct a hearing on a petition unless it "and the files and records of the case conclusively show that the petitioner is entitled to no relief ...." 28 U.S.C. § 2255. The Motion in this matter, as well as the files and records, do conclusively establish that Petitioner is not entitled to relief. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Hence, no hearing is required to rule on the present Petition. For the same reasons, this Court does not require a response to the Petition from the United States Attorney. 28 U.S.C. § 2255.

## III. DISCUSSION

### A. Waiver of Right to Collateral Review

Petitioner pled guilty.  As part of his plea agreement, Petitioner waived any and all motions, defenses, probable cause determination, and objections to the indictment or the Court's entry of judgment or imposition of sentence. (document 17) Petitioner further waived any right to appeal the Court's entry of judgment against his; any right to appeal the imposition of sentence upon his; and any right to collaterally attack his conviction and

sentence under 28 U.S.C. § 2255, or any other collateral attack. (*Id.*) As part of his plea agreement, Petitioner acknowledged that the waiver of his rights would result in the dismissal of any appeal or collateral attack he might file challenging his conviction or sentence. (*Id.*)  Petitioner indicated in his pleas that he had discussed the terms with his attorney, that he agreed to the terms and conditions, and that he entered into it voluntarily.  (*Id.*)

On January 13, 2005, the Court held a hearing and specifically questioned Petitioner whether he understood that he was waiving his right to appeal to a higher court or to collaterally attack the conviction or the sentence as long as the sentence was consistent with the plea agreement.  Petitioner replied, under oath, that he understood. Petitioner also indicated that he had an opportunity to discuss the agreement with his attorney, that he had no questions about it, and that he entered into it voluntarily. The Court accepted the plea as made knowingly, intelligently and voluntarily. (document 24)

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005).  For example, a waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made.  *Id.*

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992), *cert. denied sub nom. Abarca-Espinoza v. United States*, 508 U.S. 979 (1993).  The only claims that cannot be waived are a claim that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary.  *See Pruitt*, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain), *Abarca*, 985 F.2d at 1014

(expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (summarizing *Pruitt* and *Abarca*, but declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

Petitioner's claim does not fit this exception. Petitioner expressly waived issues regarding the imposition of sentence and expressly waived a § 2255 action. The Court accepted his plea as voluntarily made. *Compare United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (waiving appeal of sentencing issues also waives the right to argue on appeal that counsel was ineffective at sentencing), *cert. denied*, 534 U.S. 921 (2001). Consequently, the Court finds that Petitioner waived the issues raised in his § 2255 motion. Because the issues cannot survive even if Petitioner were permitted to amend his grounds, the Court will summarily dismiss the action as plainly without merit.

**IV.    CONCLUSION**

Upon review of the record in this case, the Court finds that Petitioner's Motion is subject to summary dismissal because the claims fall within the scope of the appeal rights Petitioner waived in his plea agreement, which was made knowingly and voluntarily.

**Accordingly,**

**IT IS ORDERED** that Petitioner Humberto Monge-Rodriguez's ("Petitioner") "Motion to Correct and Vacate Sentence" (CR 05-569, document 25) is **DENIED.**

**IT IS FURTHER ORDERED** that Civil case number CV 05-620 TUC-DCB is **DISMISSED** with prejudice and the Clerk of Court shall enter judgment accordingly.

DATED this 25th day of October, 2005.

David C. Bury
United States District Judge

4